T.C. Memo. 2002-177

UNITED STATES TAX COURT

MICHAEL SPONBERG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7073-00L.                    Filed July 29, 2002.

Michael Sponberg, pro se.

<u>Willis B. Douglass</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  The petition in this case was filed in
response to a "NOTICE OF DETERMINATION CONCERNING COLLECTION
ACTION(S) UNDER SECTION 6320 and/or 6330" (notice of determina-
tion).

We must consider whether respondent correctly determined in
the notice of determination to proceed with the collection action

with respect to each of petitioner's taxable years 1987 and 1990. We hold that, except for respondent's concession with respect to petitioner's taxable year 1987, respondent did.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found with one exception stated herein.

Petitioner resided in Palos Verdes Estates, California, at the time he filed the petition in this case.

On August 15, 1985, April 15, 1986, and October 11, 1988, respectively, petitioner filed Forms 1040, U.S. Individual Income Tax Return (Form 1040), for his taxable years 1984 (1984 return), 1985 (1985 return), and 1986 (1986 return). As reflected in Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), with respect to each of petitioner's taxable years 1984 and 1985 and in respondent's complete statement of petitioner's account with respect to his taxable year 1986 (respondent's statement of petitioner's account with respect to his taxable year 1986),[1] respondent assessed on various dates the following amounts of Federal income tax (tax), additions to tax, and interest:

---

[1]We attach hereto as Appendix A, Appendix B, and Appendix C, respectively, and incorporate herein by this reference, the information reflected in Form 4340 with respect to each of petitioner's taxable years 1984 and 1985 and respondent's statement of petitioner's account with respect to his taxable year 1986.

|  |  |  |  | Total |
|---|---|---|---|---|
| Year | Tax | Additions to Tax | Interest | Liability |
| 1984 | $6,266 | $1,823.10 | $4,203.66 | [1]$12,306.76 |
| 1985 | 9,100 | 1,414.15 | 10,113.61 | 20,627.76 |
| 1986 | 886 | 327.49 | 621.71 | [2]1,845.20 |

[1]Form 4340 with respect to petitioner's taxable year 1984 also reflects a $14 charge for "FEES AND COLLECTION COSTS", making the total liability for that year $12,306.76.

[2]Respondent's statement of petitioner's account with respect to his taxable year 1986 also reflects a $10 "COLLECTION CHARGE-LIEN FEE", making the total liability for that year $1,845.20.

On December 6, 1993, and October 30, 1993, respectively, petitioner filed Forms 1040 for his taxable years 1987 (1987 return) and 1990 (1990 return), the two years to which the collection action at issue relates. As reflected in Form 4340 with respect to each of petitioner's taxable years 1987 and 1990, respondent assessed on January 3, 1994, and December 6, 1993, respectively, the following amounts of tax, additions to tax, and interest:

|  |  |  |  | Total |
|---|---|---|---|---|
| Year | Tax | Additions to Tax | Interest | Liability |
| 1987 | $3,911 | $1,857.73 | $3,475.41 | $9,244.14 |
| 1990 | 1,954 | 529.10 | 386.15 | 2,869.25 |

Petitioner made certain payments to the Internal Revenue Service (IRS) that respondent ultimately[2] credited to

---

[2]On various occasions during 1995 through at least 1998, petitioner and one or more of respondent's representatives had discussions regarding at least certain of his taxable years discussed herein, and respondent made various corrections, including so-called reversals, to petitioner's accounts with respect to his taxable years 1984, 1985, 1986, and 1987. In describing petitioner's accounts with respect to certain of his
(continued...)

petitioner's accounts with respect to his taxable years 1984, 1985, 1986, and/or 1990.  Included within those payments were the following payments that respondent collected by levy from petitioner's wages from his employer KG7 K-Surf Radio for the pay periods indicated:[3]

---

[2](...continued)
taxable years, we use the word "ultimately" to refer to the corrected accounts as reflected in respective Forms 4340 with respect to petitioner's taxable years 1984, 1985, and 1987 and respondent's statement of petitioner's account with respect to his taxable year 1986.

[3]In addition to respondent's levy notice which respondent served on KG7 K-Surf Radio, respondent:  (1) Recorded a notice of Federal tax lien (tax lien) in Orange County, California, in the amount of $17,292.82 with respect to petitioner's unpaid liabilities of $7,292.32 and $10,000.50 for his taxable years 1984 and 1985, respectively; (2) sent petitioner a notice of levy, which respondent served on Ocean Broadcasting Inc., in the amount of $12,618.19 with respect to petitioner's unpaid liabilities of $7,379.82, $4,356.86, and $881.51 for his taxable years 1984, 1985, and 1986, respectively; (3) released respondent's tax lien with respect to petitioner's taxable years 1984 and 1985; and (4) recorded a notice of tax lien with respect to each of petitioner's taxable years 1987, 1988, and 1990.

With respect to the notice of levy that respondent sent petitioner and served on Ocean Broadcasting Inc., the parties stipulated:  "Attached as Exhibit 11-P is a copy of respondent's notice of levy dated January 14, 1992, which was served on Ocean Broadcasting, Inc. in an attempt to collect respondent's personal income tax liability for 1984, 1985 and 1986."  That stipulation is clearly contrary to the facts disclosed by the record to the extent that it states that respondent's notice of levy was served in an attempt to collect respondent's, rather than petitioner's, unpaid liability for each of certain taxable years, and we shall disregard it.  See Cal-Maine Foods, Inc. v. Commissioner, 93 T.C. 181, 195 (1989).  The record establishes, and we have found, that respondent's notice of levy was served in an attempt to collect petitioner's unpaid liabilities for his taxable years 1984, 1985, and 1986.

| Petitioner's Pay Period Ended | Amount Collected by Levy |
|---|---|
| 05/03/91 | $706.14 |
| 05/20/91 | 706.14 |
| 06/05/91 | 706.14 |
| 06/20/91 | 706.14 |
| 07/05/91 | 706.14 |
| 07/19/91 | 706.14 |
| 08/08/91 | 706.14 |
| 08/20/91 | 122.47 |

As reflected in Form 4340 with respect to each of petitioner's taxable years 1984 and 1985, respondent ultimately credited: (1) Petitioner's accounts with respect to his taxable years 1984 and 1985 with petitioner's payments totaling $1,277.20 and $1,547.36, respectively, consisting of each of the $706.14 payments set forth above that were made by levy from petitioner's wages for his pay periods that ended May 3, May 20, June 5, and June 20, 1991; (2) petitioner's account with respect to his taxable year 1985 with petitioner's payments totaling $1,412.28, consisting of each of the $706.14 payments set forth above that were made by levy from petitioner's wages for his pay periods that ended July 5 and July 19, 1991; (3) petitioner's account with respect to his taxable year 1985 with $54 of petitioner's payment of $706.14 set forth above that was made by levy from petitioner's wages for his pay period that ended August 8, 1991;[4]

---

[4]Sometime before the trial in this case, respondent conceded, and on brief respondent reaffirms respondent's concession, that respondent did not credit to petitioner's account with respect to any taxable year $652.14 of the $706.14 that respon-
(continued...)

and (4) petitioner's account with respect to his taxable year 1985 with petitioner's payment of $122.47 set forth above that was made by levy from petitioner's wages for his pay period that ended August 20, 1991.

Also included within the payments that petitioner made to the IRS during the period March 20, 1996, through March 29, 1998, were 15 $1,000 payments that petitioner believed respondent should have credited against his unpaid liability for each of his taxable years 1987 and 1990.  However, as reflected in Form 4340 with respect to each of petitioner's taxable years 1984 and 1985 and in respondent's statement of petitioner's account with respect to his taxable year 1986, respondent ultimately credited petitioner's 15 $1,000 payments as follows:

---

⁴(...continued)
dent collected by levy from petitioner's wages for his pay period that ended Aug. 8, 1991, and that respondent should have credited that $652.14 as of Aug. 29, 1991, against petitioner's unpaid liability for his taxable year 1987.

| Taxable Year to Which Payment Was Credited | Date as of Which Payment Was Credited | Amount of Payment Credited |
|---|---|---|
| 1986 | 03/20/96 | $1,000 |
| 1985 | 04/20/96 | 1,000 |
| 1985 | 05/19/96 | 1,000 |
| 1985 | 06/20/96 | 1,000 |
| 1985 | 07/20/96 | 1,000 |
| 1985 | 08/20/96 | 1,000 |
| 1985 | 09/21/96 | 1,000 |
| 1985 | 10/22/96 | 1,000 |
| 1985 | 11/20/96 | 1,000 |
| 1985 | 12/20/96 | 1,000 |
| 1985 | 01/19/97 | 1,000 |
| 1985 | 03/04/97 | 1,000 |
| 1984 | 03/29/97 | 1,000 |
| 1984 | 06/01/97 | 1,000 |
| 1985 | 03/29/98 | 1,000 |

In addition to crediting petitioner's payments to his accounts with respect to his taxable years 1984, 1985, 1986, and/or 1990, respondent ultimately: (1) Credited petitioner's account with respect to each of his taxable years 1984, 1985, and 1987 with certain credits and (2) debited petitioner's account with respect to each of his taxable years (a) 1984 and 1985 to reflect certain refunds to him, (b) 1984, 1985, and 1986 to reflect the transfer of certain credits from each of those taxable years to his taxable years 1984, 1985, and/or 1987, and (c) 1984, 1985, and 1987 to reflect certain corrections of payments and/or certain reversals of credits. As reflected in Form 4340 with respect to each of petitioner's taxable years 1984 and 1985 and in respondent's statement of petitioner's account

with respect to his taxable year 1986, on various dates respon-
dent credited and debited petitioner's account as follows:

| Year | Payments by Petitioner | Credits Applied From Other Years | Credits For Interest | Refunds | Credits Transferred to Other Years[1] | Corrections of Payments and Reversals of Credits[2] | Actual Total Payments and Credits[3] |
|---|---|---|---|---|---|---|---|
| 1984 | $30,594.34 | $4,663.13 | $7.98 | ($12.91) | ($2,494.51) | ($20,451.27) | $12,306.76 |
| 1985 | 35,033.56 | 1,184.05 | .77 | (377.84) | (3,085.93) | (12,126.85) | 20,627.76 |
| 1986 | 2,509.00 | --- | --- | --- | (663.80) | --- | 1,845.20 |

[1]Respondent applied the amounts shown under the heading "Credits Transferred to Other Years" as payments and/or credits to petitioner's accounts with respect to his taxable years 1984, 1985, and/or 1987.

[2]Respondent applied the amounts shown under the heading "Corrections of Payments and Reversals of Credits" as payments to petitioner's accounts with respect to his taxable years 1984 and/or 1985.

[3]The amounts shown under the heading "Actual Total Payments and Credits" are the payments and credits that respondent ultimately applied to petitioner's accounts with respect to his taxable years 1984, 1985, and 1986, respectively.

As reflected in Form 4340 with respect to petitioner's taxable year 1987, respondent made the following assessments and credited and debited petitioner's account as follows:

| Date | Explanation of Transaction | Assessment, Other Debits (Reversal) | Payment, Credit (Reversal) | Assessment Date (23C, RAC 006) |
|------|----------------------------|-------------------------------------|----------------------------|--------------------------------|
| | Adjusted gross income 38,849.00 | | | |
| | Taxable income 22,013.00 | | | |
| 12-06-93 | Return filed and tax assessed 89221-338-08708-3 199351 | $3,911.00 | | 01-03-94 |
| 04-15-88 | Extension of time to file ext. date 08-15-88 | | | |
| | Late filing penalty 199351 | 879.98 | | 01-03-94 |
| | Failure to pay tax penalty 199351 | 977.75 | | 01-03-94 |
| | Interest assessed 199351 | 3,475.41 | | 01-03-94 |
| 08-08-94 | Federal tax lien | | | |
| 05-22-96 | Collection statute extension to 12-31-08 | | | |
| 06-01-97 | Overpaid credit applied 1040 198412 | | $270.78 | |
| 06-01-97 | Overpaid credit applied 1040 198412 | | 880.46 | |
| 03-23-98 | Interest overpayment credit 1040 198412 | | 7.98 | |
| 06-01-97 | Overpaid credit reversed 1040 198412 | | (270.78) | |
| 06-01-97 | Overpaid credit reversed 1040 198412 | | (880.46) | |
| 06-01-97 | Overpaid credit applied 1040 198412 | | 151.24 | |
| 10-17-98 | Overpaid credit applied 1040 199712 | | 448.28 | |
| 03-12-99 | Legal/bankruptcy suit pending | | | |
| 08-21-89 | Taxpayer delinquency notice | | | |
| 01-24-94 | Statutory notice of intent to levy | | | |
| 01-03-94 | Statutory notice of balance due | | | |

Balance        $8,636.64

As reflected in Form 4340 with respect to petitioner's taxable year 1990, respondent made the following assessments and

credited petitioner's account as follows:

| Date | Explanation of Transaction | Assessment, Other Debits (Reversal) | Payment, Credit (Reversal) | Assessment Date (23C, RAC 006) |
|---|---|---|---|---|
| | Adjusted gross income 22,419.00 | | | |
| | Taxable income 13,016.00 | | | |
| 10-30-93 | Return filed and tax assessed 89211-306-95415-3 199347 | $1,954.00 | | 12-06-93 |
| 10-30-93 | Withholding and excess FICA | | $573 | |
| 04-15-91 | Extension of time to file ext. date 08-15-91 | | | |
| 08-11-91 | Extension of time to file ext. date 10-15-91 | | | |
| 10-30-93 | Payment with return | | 516 | |
| | Late filing penalty 199347 | 310.73 | | 12-06-93 |
| | Failure to pay tax penalty 199347 | 218.37 | | 12-06-93 |
| | Interest assessed 199347 | 386.15 | | 12-06-93 |
| 08-08-94 | Federal tax lien | | | |
| 05-28-96 | Collection statute extension to 12-31-08 | | | |
| 03-12-99 | Legal/bankruptcy suit pending | | | |
| 12-06-93 | Statutory notice of balance due | | | |
| 12-27-93 | Statutory notice of intent to levy | | | |

Balance          $1,780.25

On January 29, 1999, respondent issued to petitioner a final notice of intent to levy (notice of intent to levy) with respect to, inter alia, petitioner's taxable years 1987 and 1990.[5] That notice stated in pertinent part:

> Your Federal tax is still not paid. We previously asked you to pay this, but we still haven't received your payment. This letter is your notice of our intent

---

[5]The notice of intent to levy also applied to petitioner's taxable year 1988. Petitioner does not raise any issues with respect to that year in this case.

to levy under Internal Revenue Code (IRC) Section 6331 and your right to receive Appeals consideration under IRC Section 6330.

We may file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice to your creditors that the government has a right to your current assets, including any assets you acquire after we file the lien.

If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property, or rights to property, such as real estate, automobiles, business assets, bank accounts, wages, commissions, and other income. * * *

* * * The amount you owe is:

| Form Number | Tax Period | Unpaid Amount from Prior Notices | Additional Penalty & Interest | AMOUNT YOU OWE |
|---|---|---|---|---|
| 1040 | 1987 | [1]$8636.64 | [2]$5082.64 | $13719.28 |
| * | * | * | * | * |
| 1040 | 1990 | [1]$1780.25 | [2]$1078.73 | $2858.98 |

[1]The amount shown for each of the years 1987 and 1990 under the heading "Unpaid Amount from Prior Notices" is the same as the amount of the balance shown due in Form 4340 with respect to each such year.

[2]The amount shown for each of the years 1987 and 1990 under the heading "Additional Penalty & Interest" is the additional amount of penalties and/or interest for each such year that is not reflected in Form 4340 with respect to each such year.

In response to the notice of intent to levy, on February 24, 1999, petitioner filed Form 12153, Request For a Collection Due Process Hearing (Form 12153), and requested a hearing with the IRS Appeals Office (Appeals Office).

Sometime after February 24, 1999, the Appeals officer

assigned to petitioner's case (Appeals officer) scheduled petitioner's Appeals Office hearing. The Appeals officer was unable to attend that scheduled hearing because of the death of the Appeals officer's father. Sometime thereafter, the Appeals officer sent petitioner a letter rescheduling petitioner's Appeals Office hearing on a date and at a time not disclosed by the record. Petitioner did not receive that letter until after the rescheduled date and time for that hearing had passed. Thereafter, at a time not disclosed by the record, petitioner had an opportunity via the telephone to discuss with the Appeals officer and/or the Appeals officer's supervisor the notice of intent to levy with respect to petitioner's taxable years 1987 and 1990.

During petitioner's communications with the Appeals Office, petitioner claimed that he had made an overpayment with respect to each of his taxable years 1984, 1985, and 1986 and that respondent should have applied such claimed overpayments against his unpaid liability for each of his taxable years 1987 and 1990. Petitioner did not provide the Appeals Office with evidence to verify any such claimed overpayments. During his communications with the Appeals Office, petitioner did not offer any collection alternatives, nor did he provide the Appeals Office with any financial statements.

On May 24, 2000, respondent issued to petitioner a notice of

determination with respect to, inter alia, his taxable years 1987

and 1990.  That notice stated in pertinent part as follows:

Summary of Determination:

The Notice of Federal Tax Liens were filed on 8/18/94 and are not subject to the Due Process Procedures under IRC Section 6320.

With respect to the Notice of Intent to Levy, there has been no response to requests for the completion of financial statements in order to determine if a possible collection alternative is feasible.  We are sustaining the District's decision to take appropriate enforcement action.

 *       *       *       *       *       *       *

Applicable Law and Administrative Procedures

With the best information available, the requirement [sic] of various applicable law or administrative procedures have been met.

Notice and Demand was made for the above periods as verified by review of the transcripts and revenue officer history and correspondence.

IRC Section 6331(d) requires that the IRS notify a taxpayer at least 30 days before a Notice of Levy can be issued.  The 30 day notice was mailed to the taxpayer via certified mail and the return receipt was signed.

IRC Section 6330(a) states that no levy may be made unless the IRS notifies a taxpayer of the opportunity for a hearing with the IRS Office of Appeals. Letter 1058 "Final Notice" was sent to the taxpayer by certified mail.  The hearing was requested within the appropriate time frames.

This appeals officer had no prior involvement with respect to these liabilities.

Relevant Issues Presented by the Taxpayer

The attachment to Form 12153 referred to the

taxpayers' original audits for 1984 and 1985 and the penalties and interest assessed.[1]  The taxpayer has fully paid those tax years and copies of the lien releases were provided to the taxpayer.  Those tax years do not fall under the Due Process Procedures.  Any claims for abatement of penalties and interest should be made under the appropriate method of filing.

The lien notices for 1987, 1988, and 1990 were filed on 8/18/94 and are not subject to appeal under IRC Section 6320.

The taxpayer has not raised any possible collection alternative.

Balancing Efficient Collection and Intrusiveness

The revenue officer issued L 1058 after identifying levy sources.  Repeated requests were made for financial statements and they were not provided nor has the taxpayer raised any possible collection alternative for these years.  It is his contention that prior years are overpaid, yet no evidence has been provided to verify that any possible overpayments not previously addressed would full pay these tax years.  Therefore, since the taxpayer has not provided any financial statements to determine if there may be a less intrusive method of collection, the District should proceed with levy enforcement.

[1]The record does not contain a copy of the attachment to petitioner's Form 12153.

OPINION

Petitioner contends that respondent has not accounted for all of the payments that he made to the IRS with respect to his taxable years 1984, 1985, 1986, 1987, and/or 1990.[6]  According to petitioner, if respondent had properly accounted for all such

---

[6]Although given the opportunity to do so, petitioner did not file any briefs in this case.  Our understanding of petitioner's position is based upon his opening statement and his testimony at the trial in this case.

payments, respondent's records would show that petitioner made overpayments with respect to his taxable years 1984, 1985, and 1986, which overpayments respondent should have applied against his liability for each of his taxable years 1987 and 1990, the two years to which the collection action at issue relates.[7] Respondent counters that, with one exception, respondent has accounted for all of the payments that petitioner made to respondent. With respect to that one exception, respondent concedes that respondent did not account for $652.14 of the $706.14 payment made by levy from petitioner's wages for the pay period that ended August 8, 1991, and that respondent should have credited that $652.14 as of August 29, 1991, to petitioner's account with respect to his taxable year 1987. See supra note 4.

Because the amount of the liability that remains unpaid for each of petitioner's taxable years 1987 and 1990 is properly at issue, we review respondent's determination de novo.[8] Boyd v. Commissioner, 117 T.C. 127, 131 (2001); Landry v. Commissioner,

---

[7]Petitioner acknowledges that even if respondent had applied certain alleged overpayments against his liability for each of his taxable years 1987 and 1990, he nonetheless would have an unpaid liability for each such year, although he does not know the amount of each such unpaid liability.

[8]We reject respondent's position that an abuse-of-discretion standard applies in the instant case. See Boyd v. Commissioner, 117 T.C. 127, 131 (2001); Landry v. Commissioner, 116 T.C. 60, 62 (2001). In this connection, respondent does not contest that petitioner received no notice of deficiency for taxable year 1987 or taxable year 1990 and that petitioner otherwise had no opportunity to dispute the amount of the liability that remains unpaid for each such year. See sec. 6330(c)(2)(B), I.R.C.

116 T.C. 60, 62 (2001).

The record in this case includes Form 4340 with respect to each of petitioner's taxable years 1984, 1985, 1987, and 1990 and respondent's statement of petitioner's account with respect to his taxable year 1986. Although as reflected in those forms and that statement respondent made numerous and various corrections, including so-called reversals, to petitioner's accounts with respect to his taxable years 1984, 1985, 1986, and 1987, we have been able to reconcile all of the entries therein. Except for respondent's concession regarding petitioner's taxable year 1987, see supra note 4, on the record before us, we are unable to find that respondent has not accounted for all of the payments that petitioner made to the IRS with respect to his taxable years 1984, 1985, 1986, 1987, and/or 1990. Nor are we able to find on the instant record that petitioner made an overpayment with respect to any of his taxable years 1984, 1985, and 1986 for which respondent has not accounted and which respondent should have applied against petitioner's liability for each of his taxable years 1987 and 1990.

Based upon our examination of the entire record before us, we find that, except for respondent's concession regarding petitioner's taxable year 1987, see supra note 4, petitioner has not paid the liability for each of his taxable years 1987 and 1990 that respondent is now attempting to collect.

We have considered all of the contentions and arguments that petitioner advanced at the trial in this case and that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing and the concession of respondent with respect to petitioner's taxable year 1987,

<u>Decision will be entered under Rule 155</u>.[9]

---

[9]The reference to Rule 155 is to Rule 155, Tax Court Rules of Practice and Procedure.

APPENDIX A

Information Reflected in Form 4340 With
Respect to Petitioner's Taxable Year 1984

| Date | Explanation of Transaction | Assessment, Other Debits (Reversal) | Payment, Credit (Reversal) | Assessment Date (23C, RAC 006) |
|---|---|---|---|---|
| | Adjusted gross income 20,567.00 | | | |
| | Taxable income 19,462.00 | | | |
| 08-15-85 | Return filed and tax assessed 17211-278-01512-5 198542 | $2,658.00 | | 10-28-85 |
| 08-15-85 | Withholding and excess FICA | | $189.00 | |
| 04-15-85 | Extension of time to file ext. date 08-15-85 | | | |
| | Estimated tax penalty 198542 | 153.00 | | 10-28-85 |
| | Failure to pay tax penalty 198542 | 86.41 | | 10-28-85 |
| | Interest assessed 198542 | 161.13 | | 10-28-85 |
| 04-28-86 | Overpaid credit applied 1040 198512 | | 216.39 | |
| 04-15-86 | Overpaid credit applied 1040 198512 | | 2,869.54 | |
| | Failure to pay tax penalty 198616 | 61.73 | | 04-28-86 |
| | Interest assessed 198616 | 141.75 | | 04-28-86 |
| 04-28-86 | Refund | | (12.91) | |
| | Additional tax assessed by examination 29247-720-10501-8 198847 | 0.00 | | 12-05-88 |
| 11-21-88 | Legal/bankruptcy suit pending | | | |
| | Late filing penalty 198923 | 1,215.40 | | 06-19-89 |
| | Additional tax assessed by examination 29247-550-70013-9 198923 | 3,608.00 | | 06-19-89 |
| 05-26-89 | Legal/bankruptcy suit no longer pending | | | |
| 06-19-89 | Failure to pay tax penalty abated | (24.69) | | |
| | Interest assessed 198923 | 2,493.61 | | 06-19-89 |
| 01-10-90 | Federal tax lien | | | |
| | Additional tax assessed 89254-559-18001-0 199025 | 0.00 | | 07-02-90 |
| 07-09-91 | Subsequent payment | | 2,824.56 | |
| 08-29-91 | Overpaid credit applied 1040 198912 | | 54.00 | |
| 10-16-93 | Overpaid credit applied 1040 199212 | | 87.84 | |

- 20 -

| Date | Explanation of Transaction | Assessment, Other Debits (Reversal) | Payment, Credit (Reversal) | Assessment Date (23C, RAC 006) |
|---|---|---|---|---|
| 10-16-93 | Overpaid credit applied 1040 199212 | | 277.04 | |
| 12-07-93 | Subsequent payment | | 144.96 | |
| 10-19-92 | Overpaid credit applied 1040 199112 | | 389.51 | |
| 01-08-93 | Overpaid credit applied 1040 199112 | | 105.01 | |
| 07-09-91 | Subsequent payment corrected | | (2,824.56) | |
| 03-29-94 | Subsequent payment | | 157.73 | |
| 05-02-95 | Subsequent payment miscellaneous payment | | 0.00 | |
| 05-22-95 | Fees and collection costs | 14.00 | | |
| 04-20-96 | Subsequent payment | | 1,000.00 | |
| 05-19-96 | Subsequent payment | | 1,000.00 | |
| 03-20-96 | Overpaid credit applied 1040 198612 | | 663.80 | |
| 05-22-96 | Collection statute extension to 12-31-08 | | | |
| 06-20-96 | Subsequent payment | | 1,000.00 | |
| 07-20-96 | Subsequent payment | | 1,000.00 | |
| 08-20-96 | Subsequent payment | | 1,000.00 | |
| 09-21-96 | Subsequent payment | | 1,000.00 | |
| | Failure to pay tax penalty 199640 | 573.57 | | 10-14-96 |
| 10-22-96 | Subsequent payment | | 1,000.00 | |
| | Interest assessed 199644 | 763.69 | | 11-11-96 |
| | Failure to pay tax penalty 199644 | 236.31 | | 11-11-96 |
| 11-20-96 | Subsequent payment | | 1,000.00 | |
| | Interest assessed 199649 | 1,000.00 | | 12-16-96 |
| 12-20-96 | Subsequent payment | | 1,000.00 | |
| | Interest assessed 199704 | 1,000.00 | | 02-03-97 |
| 01-19-97 | Subsequent payment | | 1,000.00 | |
| | Interest assessed 199705 | 1,000.00 | | 02-10-97 |
| 03-04-97 | Subsequent payment | | 1,000.00 | |
| | Interest assessed 199712 | 1,000.00 | | 03-31-97 |
| 03-29-97 | Subsequent payment | | 1,000.00 | |
| | Interest assessed 199715 | 1,000.00 | | 04-21-97 |
| 05-04-97 | Subsequent payment | | 335.29 | |
| | Interest assessed 199720 | 664.71 | | 05-26-97 |
| 05-04-97 | Overpayment credit transferred 1040 198512 | | (335.29) | |

| Date | Explanation of Transaction | Assessment, Other Debits (Reversal) | Payment, Credit (Reversal) | Assessment Date (23C, RAC 006) |
|---|---|---|---|---|
| 06-01-97 | Subsequent payment | | 1,000.00 | |
| 06-01-97 | Overpayment credit transferred 1040 198512 | | (729.22) | |
| 06-01-97 | Overpayment credit transferred 1040 198712 | | (270.78) | |
| 06-20-97 | Federal tax lien released | | | |
| 11-17-90 | Subsequent payment | | 706.14 | |
| 12-05-90 | Subsequent payment | | 706.14 | |
| 12-20-90 | Subsequent payment | | 706.14 | |
| 01-07-91 | Subsequent payment | | 706.14 | |
| 01-30-91 | Subsequent payment | | 706.14 | |
| 02-04-91 | Subsequent payment | | 706.14 | |
| 02-22-91 | Subsequent payment | | 706.14 | |
| 03-03-91 | Subsequent payment | | 706.14 | |
| 03-26-91 | Subsequent payment | | 706.14 | |
| 04-05-91 | Subsequent payment | | 706.14 | |
| 04-22-91 | Subsequent payment | | 706.14 | |
| 03-23-98 | Failure to pay tax penalty abated | (478.63) | | |
| 03-23-98 | Interest abated | (4,902.19) | | |
| 07-09-91 | Subsequent payment | | 1,277.20 | |
| 08-01-91 | Subsequent payment | | 1,412.28 | |
| 09-03-91 | Subsequent payment | | 122.47 | |
| 04-06-98 | Interest abated | (119.04) | | |
| | Failure to pay tax penalty 199814 | 0.00 | | 04-20-98 |
| | Restricted interest assessed 199814 | 0.00 | | 04-20-98 |
| | Additional tax assessed 89254-489-15000-8 199814 | 0.00 | | 04-20-98 |
| 07-09-91 | Subsequent payment corrected | | (1,547.36) | |
| 07-09-91 | Subsequent payment | | 1,547.36 | |
| 08-01-91 | Subsequent payment corrected | | (1,412.28) | |
| 09-03-91 | Subsequent payment corrected | | (122.47) | |
| 12-07-93 | Subsequent payment corrected | | (144.96) | |
| 03-29-94 | Subsequent payment corrected | | (157.73) | |
| 04-20-96 | Subsequent payment corrected | | (1,000.00) | |
| 05-19-96 | Subsequent payment corrected | | (1,000.00) | |
| 06-20-96 | Subsequent payment corrected | | (1,000.00) | |
| 07-20-96 | Subsequent payment corrected | | (1,000.00) | |

| Date | Explanation of Transaction | Assessment, Other Debits (Reversal) | Payment, Credit (Reversal) | Assessment Date (23C, RAC 006) |
|---|---|---|---|---|
| 08-20-96 | Subsequent payment corrected | | (1,000.00) | |
| 09-21-96 | Subsequent payment corrected | | (1,000.00) | |
| 10-22-96 | Subsequent payment corrected | | (1,000.00) | |
| 11-20-96 | Subsequent payment corrected | | (1,000.00) | |
| 12-20-96 | Subsequent payment corrected | | (1,000.00) | |
| 01-19-97 | Subsequent payment corrected | | (1,000.00) | |
| 03-04-97 | Subsequent payment corrected | | (1,000.00) | |
| 05-04-97 | Subsequent payment corrected | | (664.71) | |
| 05-04-97 | Subsequent payment | | 664.71 | |
| 08-29-91 | Overpaid credit reversed 1040 198512 | | (54.00) | |
| 10-19-92 | Overpaid credit reversed 1040 198512 | | (389.51) | |
| 01-08-93 | Overpaid credit reversed 1040 198512 | | (105.01) | |
| 10-16-93 | Overpaid credit reversed 1040 198512 | | (277.04) | |
| 10-16-93 | Overpaid credit reversed 1040 198512 | | (87.84) | |
| 03-20-96 | Overpaid credit reversed 1040 198512 | | (663.80) | |
| 06-01-97 | Overpayment credit transferred 1040 198512 | | (119.54) | |
| 06-01-97 | Overpayment credit transferred 1040 198712 | | (880.46) | |
| 03-23-98 | Interest due taxpayer | | 7.98 | |
| 03-23-98 | Overpayment interest transferred 1040 198712 | | (7.98) | |
| 03-29-97 | Subsequent payment corrected | | (1,000.00) | |
| 06-01-97 | Subsequent payment | | 270.78 | |
| 06-01-97 | Subsequent payment | | 880.46 | |
| | Additional tax assessed 29254-657-18007-8 199838 | 0.00 | | 10-05-98 |
| 06-01-97 | Overpayment credit transferred 1040 198712 | | (151.24) | |
| 10-28-85 | Statutory notice of balance due | | | |
| 12-02-85 | Notice of balance due | | | |

| Date | Explanation of Transaction | Assessment, Other Debits (Reversal) | Payment, Credit (Reversal) | Assessment Date (23C, RAC 006) |
|------|----------------------------|-------------------------------------|----------------------------|--------------------------------|
| 02-17-86 | Statutory notice of intent to levy | | | |
| 06-19-89 | Statutory notice of balance due | | | |
| 07-24-89 | Notice of balance due | | | |
| 11-12-90 | Statutory notice of intent to levy | | | |
| 05-11-98 | Statutory notice of balance due | | | |
| 06-01-98 | Statutory notice of intent to levy | | | |

Balance          $0.00

## APPENDIX B

### Information Reflected in Form 4340 With Respect to Petitioner's Taxable Year 1985

| Date | Explanation of Transaction | Assessment, Other Debits (Reversal) | Payment, Credit (Reversal) | Assessment Date (23C, RAC 006) |
|---|---|---|---|---|
| | Adjusted gross income 20,059.00 | | | |
| | Taxable income 16,354.00 | | | |
| 04-15-86 | Return filed and tax assessed 31211-089-63604-6 198616 | $1,817.00 | | 04-28-86 |
| 04-15-86 | Withholding and excess FICA | | $5,280.00 | |
| 04-15-86 | Overpayment credit transferred 1040 198412 | | (3,085.93) | |
| 04-28-86 | Interest due taxpayer | | 0.77 | |
| 04-28-86 | Refund | | (377.84) | |
| | Additional tax assessed by examination 29247-720-10502-8 198847 | 0.00 | | 12-05-88 |
| 11-21-88 | Legal/bankruptcy suit pending | | | |
| | Additional tax assessed by examination 29247-550-70014-9 198923 | 7,283.00 | | 06-19-89 |
| 05-26-89 | Legal/bankruptcy suit no longer pending | | | |
| | Interest assessed 198923 | 2,717.50 | | 06-19-89 |
| 01-10-90 | Federal tax lien | | | |
| 11-17-90 | Subsequent payment | | 706.14 | |
| | Additional tax assessed 89254-739-00011-0 199050 | 0.00 | | 12-24-90 |
| 12-05-90 | Subsequent payment | | 706.14 | |
| 12-20-90 | Subsequent payment | | 706.14 | |
| 01-07-91 | Subsequent payment | | 706.14 | |
| 01-30-91 | Subsequent payment | | 706.14 | |
| 02-04-91 | Subsequent payment | | 706.14 | |
| 02-22-91 | Subsequent payment | | 706.14 | |
| 03-03-91 | Subsequent payment | | 706.14 | |
| 03-26-91 | Subsequent payment | | 706.14 | |
| 04-05-91 | Subsequent payment | | 706.14 | |
| 04-22-91 | Subsequent payment | | 706.14 | |
| 08-01-91 | Subsequent payment | | 1,412.28 | |
| 09-03-91 | Subsequent payment | | 122.47 | |
| 07-09-91 | Subsequent payment | | 2,824.56 | |
| | Interest assessed 199408 | 1,409.98 | | 03-07-94 |
| | Failure to pay tax penalty 199408 | 716.37 | | 03-07-94 |

| Date | Explanation of Transaction | Assessment, Other Debits (Reversal) | Payment, Credit (Reversal) | Assessment Date (23C, RAC 006) |
|---|---|---|---|---|
| 05-22-96 | Collection statute extension to 12-31-08 | | | |
| 05-04-97 | Overpaid credit applied 1040 198412 | | 335.29 | |
| | Failure to pay tax penalty 199720 | 0.02 | | 05-26-97 |
| | Interest assessed 199720 | 335.27 | | 05-26-97 |
| 06-01-97 | Overpaid credit applied 1040 198412 | | 729.22 | |
| | Interest assessed 199724 | 729.22 | | 06-23-97 |
| 06-20-97 | Federal tax lien released | | | |
| 11-17-90 | Subsequent payment corrected | | (706.14) | |
| 12-05-90 | Subsequent payment corrected | | (706.14) | |
| 12-20-90 | Subsequent payment corrected | | (706.14) | |
| 01-07-91 | Subsequent payment corrected | | (706.14) | |
| 01-30-91 | Subsequent payment corrected | | (706.14) | |
| 02-04-91 | Subsequent payment corrected | | (706.14) | |
| 02-22-91 | Subsequent payment corrected | | (706.14) | |
| 03-03-91 | Subsequent payment corrected | | (706.14) | |
| 03-26-91 | Subsequent payment corrected | | (706.14) | |
| 04-05-91 | Subsequent payment corrected | | (706.14) | |
| 04-22-91 | Subsequent payment corrected | | (706.14) | |
| 07-09-91 | Subsequent payment corrected | | (2,824.56) | |
| 08-01-91 | Subsequent payment corrected | | (1,412.28) | |
| 09-03-91 | Subsequent payment corrected | | (122.47) | |
| | Failure to pay tax penalty 199810 | 1,104.36 | | 03-23-98 |
| | Interest assessed 199810 | 9,816.51 | | 03-23-98 |
| 07-09-91 | Subsequent payment | | 1,547.36 | |
| 08-01-91 | Subsequent payment | | 1,412.28 | |
| 08-29-91 | Subsequent payment | | 54.00 | |
| 09-03-91 | Subsequent payment | | 122.47 | |
| 10-19-92 | Subsequent payment | | 389.51 | |
| 01-08-93 | Subsequent payment | | 105.01 | |
| 10-16-93 | Subsequent payment | | 87.84 | |

| Date | Explanation of Transaction | Assessment, Other Debits (Reversal) | Payment, Credit (Reversal) | Assessment Date (23C, RAC 006) |
|---|---|---|---|---|
| 10-16-93 | Subsequent payment | | 277.04 | |
| 12-07-93 | Subsequent payment | | 144.96 | |
| 03-29-94 | Subsequent payment | | 157.73 | |
| 03-20-96 | Subsequent payment | | 663.80 | |
| 04-20-96 | Subsequent payment | | 1,000.00 | |
| 05-19-96 | Subsequent payment | | 1,000.00 | |
| 06-20-96 | Subsequent payment | | 1,000.00 | |
| 07-20-96 | Subsequent payment | | 1,000.00 | |
| 08-20-96 | Subsequent payment | | 1,000.00 | |
| 09-21-96 | Subsequent payment | | 1,000.00 | |
| 10-22-96 | Subsequent payment | | 1,000.00 | |
| 11-20-96 | Subsequent payment | | 1,000.00 | |
| 12-20-96 | Subsequent payment | | 1,000.00 | |
| 01-19-97 | Subsequent payment | | 1,000.00 | |
| 03-04-97 | Subsequent payment | | 1,000.00 | |
| 05-04-97 | Subsequent payment | | 664.71 | |
| 03-29-98 | Subsequent payment | | 1,000.00 | |
| 04-20-98 | Failure to pay tax penalty abated | (406.60) | | |
| 04-20-98 | Interest abated | (4,894.10) | | |
| 03-23-89 | Overpaid credit applied 1040 198412 | | 119.54 | |
| 04-20-98 | Interest abated | (0.77) | | |
| 06-19-89 | Statutory notice of balance due | | | |
| 07-24-89 | Notice of balance due | | | |
| 03-23-98 | Statutory notice of balance due | | | |

Balance          $0.00

APPENDIX C

Information Reflected in Respondent's Statement of Petitioner's
Account With Respect to His Taxable Year 1986

| Transaction Date | Amount | Transaction Explanation |
|---|---|---|
| 10-11-88 | $522.00 | Tax return filed - amount of tax assessed |
| 04-15-87 | 552.00- | Credit for withholding and excess FICA taxes |
| 04-15-87 | 0.00 | Request for extension of time to file approved - extended to 08-15-87 |
| 09-16-91 | 143.99 | Negligence penalty charge |
| 09-16-91 | 100.00 | Penalty charge for late filing |
| 09-16-91 | 334.00 | Additional tax assessed after return examination |
| 09-16-91 | 255.65 | Interest charge |
| 08-29-94 | 10.00 | Collection charge-lien fee |
| 02-18-96 | 957.00- | Payment received |
| 03-11-96 | 29.86 | Interest charge |
| 03-11-96 | 83.50 | Penalty charge for late payment of tax |
| 03-20-96 | 1,000.00- | Payment received |
| 04-15-96 | 336.20 | Interest charge |
| 03-20-96 | 663.80 | Credit transferred to another period or account |